UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 20-11175-MWF (KSx)                                **Date:**  February 1, 2021
Title:  Juan Razo v. Cemex Construction Materials Pacific, LLC et al.

Present:    The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**    ORDER RE: MOTION TO REMAND CASE TO LOS ANGELES COUNTY SUPERIOR COURT [12]; MOTION TO STRIKE DECLARATION OF OSCAR FRIAS CANTU [12-3]; MOTION TO DISMISS [10]

Before the Court is Plaintiff Juan Razo's Motion to Remand Case to Los Angeles County Superior Court (the "Motion to Remand") and Motion to Strike Portions of the Declaration of Oscar Frias Cantu (the "Motion to Strike"), filed on December 28, 2020.  (Docket Nos. 12, 12-3).  Defendant Cemex Construction Materials Pacific, LLC filed an opposition to both motions on January 4, 2021.  (Docket No. 13).  Plaintiff filed a reply on January 11, 2021.  (Docket No. 15).

The Court has read and considered the papers filed in connection with the Motions and held a telephonic hearing on January 25, 2021, pursuant to General Order 20-09 arising from the COVID-19 pandemic.

For the reasons discussed below, the Court rules as follows:

- The Motion to Remand is **DENIED**.  The Court has federal question jurisdiction over Plaintiff's claims because they are completely preempted by the FMCSA Hours-of-Service ("HOS") regulations.

- The Motion to Strike is **DENIED**.  Plaintiff has failed to demonstrate that its evidentiary objections warrant striking the evidence in Defendant's NoR.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-11175-MWF (KSx)            **Date:** February 1, 2021
**Title:** Juan Razo v. Cemex Construction Materials Pacific, LLC et al.

## I. BACKGROUND

Plaintiff commenced this action against Defendants Cemex Construction Materials Pacific, LLC, Cemex Construction Materials South, LLC, Cemex Trucking, Inc., Cemex, Inc. (collectively, "Cemex"), on October 7, 2020, on behalf of himself and other similarly situated Cemex employees. (Complaint (Docket No. 1-1)). Defendant removed this action on December 9, 2020, invoking this Court's federal question jurisdiction. (*See* Notice of Removal ("NoR") at 1 (Docket No. 1)).

Cemex produces, distributes, and sells building materials, including ready-mix concrete. (NoR, Ex. 11, Declaration of Oscar Frias Cantu ("Cantu Decl.") ¶ 2 (Docket No. 1-11)). Cemex employs ready-mix drivers in California. (*Id.*). Plaintiff Juan Razo worked as a ready-mix driver for Cemex. (*Id.*).

The Complaint contains the following allegations:

Plaintiff and other aggrieved employees are current, former, and/or future employees of Cemex who worked, work, or will work for Cemex as hourly non-exempt employees in California. (Complaint ¶ 3).

Defendants enacted policies requiring Plaintiff and other employees to use their personal cell phones or home internet the night before their scheduled shifts to contact Defendants to determine whether any last-minute changes had been made to their schedules, without compensating employees for such time. (*See id.* ¶¶ 17, 22, 32). Defendants failed to provide reporting time pay for occasions when employees were required to report for work, but were not put to work (or put to work for less than half of their usual or scheduled day's work). (*See id.* ¶¶ 34, 54). Defendants routinely called Plaintiff and other employees on their private cell phones while they were working for Defendants, without compensating employees for such use. (*See id.* ¶ 54).

Defendants failed to authorize or permit duty-free, uninterrupted, and timely meal periods of no less than thirty minutes when Plaintiff and other current employees worked shifts of more than five hours in length. (*Id* ¶). Defendants failed to authorize or permit a second meal period when Plaintiff and other employees worked shifts of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 20-11175-MWF (KSx)                  **Date:**  February 1, 2021

**Title:**  Juan Razo v. Cemex Construction Materials Pacific, LLC et al.

more than ten hours in length.  (*Id.*).  And Defendants failed to pay meal period premiums at the proper regular rate during pay periods that Plaintiff and other employees earned additional remuneration, including, but not limited to, shift differential pay.  (*Id.* ¶¶ 40-41.).  Finally, Defendant failed to provide complete and accurate wage statements and failed to pay final wages after each employee's termination and/or resignation.  (*Id.* ¶¶ 59-63).

     Based on these factual allegations, Plaintiff brings the following claims against Cemex:  (1) failure to pay wages for all hours worked at minimum wage, in violation of the California Labor Code sections 1194 and 1197; (2) failure to pay overtime wages for overtime hours worked and/or failure to pay overtime wages at the proper overtime rate, in violation of Labor Code sections 510, 1194, and 1198; (3) failure to pay reporting time pay, in violation of Labor Code sections 1194, 1197, and 1198; (4) failure to authorize or permit meal periods, pay meal period premiums, and/or pay meal period premiums at the proper regular rate, in violation of Labor Code sections 226.7 and 512; (5) failure to authorize or permit rest periods, pay rest period premiums, and/or pay rest period premiums at the proper regular rate, in violation of Labor Code section 226.7; (6) failure to provide accrued and vested vacation wages, in violation of Labor Code section 227.3; (7) failure to indemnify for employment-related expenditures, in violation of Labor Code section 2802; (8) failure to provide complete and accurate wage statements, in violation of Labor Code section 226; and (9) failure to timely pay all earned and unpaid wages due upon separation of employment, in violation of Labor Code sections 201, 202, and 203.  (*See generally* Complaint).

## II.    LEGAL STANDARD

     "On a plaintiff's motion to remand, it is a defendant's burden to establish jurisdiction by a preponderance of the evidence."  *Taylor v. United Road Services*, No. CV 18-330-LJO-JLT, 2018 WL 2412326, at *2 (E.D. Cal. May 29, 2018) (citing *Dart Cherokee Basin Operating Co. v. Owens*, 547 U.S. 81, 86-87 (2014); *Rodriguez v. AT&T Mobility Servs., LLC*, 728 F.3d 975, 978 (9th Cir. 2013)).  The non-moving party bears the burden of identifying "a legitimate source of the court's jurisdiction" and "[d]isputed questions of fact and ambiguities in the controlling law must be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 20-11175-MWF (KSx)                          **Date:**  February 1, 2021
**Title:**  Juan Razo v. Cemex Construction Materials Pacific, LLC et al.

resolved in favor of the remanding party." *Pac. Mar. Ass'n v. Mead*, 246 F. Supp.2d 1087, 1089 (N.D. Cal. 2003) (citing *Gaus*, 980 F.2d at 566). Removability is determined based on the removal notice and the complaint as it existed at the time of removal. *See Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985).

Under the "well-pleaded complaint" rule, "federal jurisdiction exists only when a federal question is present on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The defense of preemption, "generally may not form the basis of federal jurisdiction, 'even if both parties concede that the federal defense is the only question truly at issue.'" *Associated Builders & Contractors, Inc. v. Local 302 Int'l Bhd. of Elec. Workers*, 109 F.3d 1353, 1356 (9th Cir. 1997) (quoting *Caterpillar*, 482 U.S. at 393). However, under the complete preemption doctrine, federal question jurisdiction exists where "the preemptive force of a statute is so extraordinary that it converts an ordinary state law complaint into a federal claim." *Caterpillar*, 482 U.S. at 393.

## III.   MOTION TO STRIKE

Plaintiff objects to and moves to strike portions of the Cantu Declaration attached to the NoR. (Motion to Strike at 1). Many of the objections are garden variety evidentiary objections based on speculation, lack of foundation, and relevance. (*See generally id.*).

While these objections may be cognizable at trial, Plaintiff has cited no authority in support of its argument that the Court should strike this evidence on a Motion to Remand.

Accordingly, Plaintiff's objections are **OVERRULED** and the Motion to Strike is **DENIED**.

## IV.   MOTION TO REMAND

Defendant argues that this Court has federal question jurisdiction because Plaintiff's claims are completely preempted by (1) the Federal Motor Carrier Safety

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-11175-MWF (KSx)                               Date:  February 1, 2021
Title:  Juan Razo v. Cemex Construction Materials Pacific, LLC et al.

Act of 1984 ("FMCSA"), and its regulations, 49 U.S.C. § 31141, 49 C.F.R. § 395.3; and (2) Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185(a).  (Motion at 2-3).  Specifically, Defendant argues that the FMCSA completely preempts Plaintiff's meal period and rest period claims because Plaintiff is a Commercial Motor Vehicle ("CMV") Driver and explicitly subject to the FMCSA Hours-of-Service ("HOS") regulations.  (*Id.*).  Defendant also argues that the LMRA preempts Plaintiff's claims because the Court will have to analyze and interpret the collective bargaining agreements ("CBAs") between Cemex and various unions to resolve several claims.  (*Id*).

    A.    <u>**FMCSA**</u>

Defendant argues that FMCSA's Determination of Preemption applies to Plaintiff and completely preempts his meal and rest break claims.  (Opposition at 5).

The FMCSA is an agency within the Department of Transportation ("DOT") and is granted the authority to further the "highest degree of safety" in motor carrier transportation.  49 U.S.C. § 113(b).  As part of that charge, Congress authorized the FMCSA to assess and determine whether its regulations preempt state laws and regulations on commercial motor vehicle safety.  *See* 49 C.F.R. § 1.87(f); 49 U.S.C. § 31141.

On December 28, 2018, the FMCSA issued a final order granting the Petition for Determination of Preemption of California's Meal and Rest Break Rules ("MRB Rules") for CMV Drivers, finding that California's meal and rest break requirements contained in California Labor Code sections 226.7 and 512 are completely preempted by 49 U.S.C. § 31141 as applied to property-carrying CMV drivers covered by the FMCSA's HOS regulations.  *See* California's Meal and Rest Break Rules for Commercial Motor Vehicle Drivers; Petition for Determination of Preemption, 83 Fed. Reg. 67470 (December 28, 2018) ("The California MRB Rules, therefore, are preempted under 49 U.S.C. 31141(c).").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-11175-MWF (KSx)          **Date:** February 1, 2021
**Title:** Juan Razo v. Cemex Construction Materials Pacific, LLC et al.

The FMCSA's Determination of Preemption is unambiguous: "*California may no longer enforce the MRB Rules with respect to drivers of property-carrying CMVs subject to FMCSA's HOS rules*." 83 Fed. Reg. at 67480 (emphasis added).

As a preliminary matter, the Court notes that review of the FMCSA Determination of Preemption is reserved for the courts of appeals. 49 U.S.C. § 31141(f). The Court therefore declines to delve into arguments regarding its merits. *See Connell v. Heartland Express, Inc.,* CV 19-9584-RGK (JCx), 2020 WL 813022 at *3 (C.D. Cal. Feb. 6, 2020) (expressly declining to review an FMSCA order on that basis). The Court notes that the Ninth Circuit recently affirmed the FMCSA's Preemption Determination. *Int'l Brotherhood of Teamsters v. FMCSA*, Case No. 19-70323 (9th Cir. Jan. 15, 2021) ("We therefore hold that the FMCSA permissibly determined that California's MRB rules were State regulations 'on commercial motor vehicle safety,' so that they were within the agency's preemption authority.").

Defendant argues that it is a registered federal interstate motor carrier with the FMCSA whose drivers are covered by federal HOS regulations and thus are covered by the FMCSA's Determination of Preemption. (Opposition at 2) (citing 49 C.F.R. § 395.1(t)). Defendant specifically points out that Plaintiff was employed by Defendant as a ready-mix concrete driver, a category of driver explicitly covered by the FMCSA HOS regulations:

> Ready-mixed concrete delivery vehicle. A driver of a ready-mixed concrete delivery vehicle subject to the requirement for a 30-minute rest break in § 95.3(a)(3)(ii) may use 30-minutes or more of time spent while waiting with the commercial motor vehicle at a job site or terminal to meet the requirement for the 30-minute rest break, providing the driver performs no other work during the break.

49 C.F.R. § 395.1(t); (*id.*) (citing Cantu Decl. ¶¶ 1-4).

Plaintiff does not dispute that he worked as a ready-mix concrete driver but argues that drivers comprise only one segment of the aggrieved employees at issue in the Complaint, and that the FMCSA applies only to commercial motor vehicle drivers

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-11175-MWF (KSx)            **Date:** February 1, 2021
**Title:** Juan Razo v. Cemex Construction Materials Pacific, LLC et al.

operating in interstate commerce. (*Id.*) (citing 83 Fed. Reg. 67470, 67471). Plaintiff emphasizes that Defendant's Notice of Removal offers no evidence showing that Cemex operates in interstate commerce, or that Plaintiff or any other aggrieved employee ever drove across state lines or otherwise engaged in interstate commerce. (*Id.*) (citing *Mazzarella v. Fast Rig Support, LLC*, 823 F.3d 786, 791 (3d Cir. 2016)).

FMCSA regulations provide, in pertinent part:

> The rules in subchapter B of this chapter are applicable to all employers, employees, and commercial motor vehicles that transport property or passengers in interstate commerce.

49 CFR § 390.3(a).

The evidence attached to the NoR asserts that (1) Cemex is a company that produces and distributes building materials; (2) Cemex employs ready-mix drivers in California; (3) Plaintiff is a ready-mix driver for Cemex; (4) Cemex is a federal motor carrier registered with the FMCA; and (5) Cemex is subject to the FMCSA HOS regulations. (Cantu Decl. ¶¶ 1-4).

Plaintiff is correct that the evidence attached to the NoR does not establish that Plaintiff or any other specific driver employed by Cemex was engaged in interstate commerce. (Opposition at 2). However, the Court determines that the evidence attached to the NoR sufficiently demonstrates that Cemex itself is covered by the FMCSA regulations. (*See* Cantu Decl. ¶¶ 1-4). Because Plaintiff and the other ready-mix concrete drivers employed by Cemex are subject to the FMCSA HOS regulations, the Court determines that the claims brought by Plaintiff are completely preempted by federal law. *See Int'l Brotherhood of Teamsters v. FMCSA*, Case No. 19-70323 (9th Cir. Jan. 15, 2021); 83 Fed. Reg. at 67480 ("California may no longer enforce the MRB Rules with respect to drivers of property-carrying CMVs subject to FMCSA's HOS rules.").

Accordingly, the Motion for Remand is **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-11175-MWF (KSx)            **Date:** February 1, 2021

**Title:** Juan Razo v. Cemex Construction Materials Pacific, LLC et al.

### B. **LMRA**

Defendant argues that Section 301 of the LMRA provides a separate basis for removal. (Opposition at 15). Under Section 301 of the LMRA, "[s]uits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States." 29 U.S.C. § 185(a). In determining whether federal question jurisdiction lies under the complete preemption doctrine and the LMRA, courts apply a two-part test:

> [F]irst, an inquiry [must occur] into whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA. If the right exists solely as a result of the CBA, then the claim is preempted, and our analysis ends there. If, however, the right exists independently of the CBA, we must still consider whether it is nevertheless substantially dependent on analysis of a collective-bargaining agreement. If such dependence exists, then the claim is preempted by section 301; if not, then the claim can proceed under state law.

*Burnside v. Kiewit Pacific Corp*. 491 F.3d 1053, 1059-60 (9th Cir. 2007) (internal citations and quotation marks omitted).

Defendant argues that Plaintiff's claims for overtime and meal break violations exist solely as a result of the CBAs. (Opposition at 19, 23).

The Labor Code explicitly excludes employees governed by valid CBAs from its overtime provisions. Cal. Lab. Code §514; *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146 (9th Cir. 2019). Specifically, Labor Code Section 514 provides that Sections 510 and 511 (the overtime statutes) "do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage." Cal. Lab. Code § 514.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-11175-MWF (KSx)           **Date:** February 1, 2021
**Title:** Juan Razo v. Cemex Construction Materials Pacific, LLC et al.

Similarly, under Labor Code Section 512, commercial drivers are excluded from the Labor Code's meal period requirements and instead are governed by their terms and conditions set forth in collective bargaining agreements if the collective bargaining agreements "expressly provide[s] for the wages, hours of work, and working conditions of employees, and expressly provide[s] for meal periods for those employees, final and binding arbitration of disputes concerning application of its meal period provisions, premium wage rates for all overtime hours worked, and a regular hourly rate of pay of not less than 30 percent more than the state minimum wages rate." Cal. Labor Code §512(e)(1), (2); *see also* Cal. Labor Code §512(f), (g).

The Cantu Declaration attached to the NoR asserts that the collective bargaining agreements govern disputes relating to "wages, meal periods, rest periods, overtime, shift differentials, call-in procedures, grievances and arbitrations." (Cantu Decl. ¶ 4). However, Defendant did not attach any CBA to the NoR, and the NoR does not cite to any specific provision of the CBA. (*See generally* NoR). Because the NoR does not establish what terms are included in the CBAs, the Court determines that Defendant has failed to carry its burden with respect to showing that Plaintiff's claims are "substantially dependent on analysis of a collective-bargaining agreement." *Burnside*. 491 F.3d at 1059-1060 (quoting *Caterpillar*, 482 U.S. at 398-399).

## V.    CONCLUSION

The Motion to Strike is **DENIED**. Plaintiff has failed to demonstrate that its evidentiary objections warrant striking the evidence in Defendant's NoR.

The Motion to Remand is **DENIED**. The Court has federal question jurisdiction over Plaintiff's claims because they are completely preempted by the FMCSA Hours-of-Service ("HOS") regulations.

Based on the discussion at the hearing, it is the Court's understanding that Plaintiff is seeking leave to amend the Complaint. That request is **GRANTED** and the pending Motion to Dismiss is **DENIED** *as moot*. Plaintiff shall file a First Amended Complaint on or before **February 15, 2021**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 20-11175-MWF (KSx)             **Date:**  February 1, 2021
Title:  Juan Razo v. Cemex Construction Materials Pacific, LLC et al.

IT IS SO ORDERED.